# United States Court of Appeals
## For the First Circuit

No. 16-1668

IMAN HARDY,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

APPLICATION FOR LEAVE TO FILE A SECOND
OR SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Sharon Fray-Witzer for petitioner.
Michael A. Rotker, Attorney, U.S. Department of Justice,
Criminal Division, Appellate Section, with whom Kenneth A. Blanco,
Acting Assistant Attorney General, Criminal Division, U.S.
Department of Justice, Trevor N. McFadden, Deputy Assistant
Attorney General, Criminal Division, U.S. Department of Justice,
William D. Weinreb, Acting U.S. Attorney, and Dina M. Chaitowitz,
Assistant U.S. Attorney, Chief, Appellate Division, were on brief,
for respondent.

September 13, 2017

**KAYATTA**, **Circuit Judge**.  For the reasons stated in today's opinion in Moore v. United States, No. 16-1612 (1st Cir. Sept. 13, 2017), we certify Iman Hardy's successive § 2255 motion insofar as it argues that Johnson II invalidates the residual clause of the pre-Booker career offender guideline.  See 28 U.S.C. § 2255(h)(2) (setting out the certification requirements for successive motions).

Hardy also argues that Welch v. United States, 136 S. Ct. 1257 (2016), establishes that United States v. Booker, 543 U.S. 220 (2005), is a substantive decision with retroactive effect.  We cannot certify this portion of Hardy's motion.  This court has already held that Booker was not a substantive decision and therefore did not have retroactive effect.  See Cirilo-Muñoz v. United States, 404 F.3d 527, 532–33 (1st Cir. 2005); see also Sepulveda v. United States, 330 F.3d 55, 59 (1st Cir. 2003) (holding that Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that a jury rather than a judge must find facts that raise a statutory maximum, was not a substantive decision).  Welch has not cast doubt on that holding.  Instead, Welch reaffirmed that a decision that "'allocate[s] decisionmaking authority' between judge and jury" is procedural.  Welch, 136 S. Ct. at 1265 (quoting Schriro v. Summerlin, 542 U.S. 348, 353 (2004)).  Booker, which held that the mandatory guidelines were unconstitutional insofar as they allowed a judge, rather than a jury, to find facts that

- 2 -

increased a defendant's maximum mandatory guidelines sentence, 543 U.S. at 244 (opinion of Stevens, J.), was precisely a decision of this sort.

Accordingly, we certify Iman Hardy's successive § 2255 motion insofar as it argues that Johnson II invalidates the residual clause of the pre-Booker career offender guideline. We do not certify it insofar as it argues that Booker is a substantive decision with retroactive effect under Welch.